In re Petition of CHARLES EDWARD McBROON.

No. 11752.

Decided September 23, 1969.

458 P2d 775.

Edward McBroon, pro se.

MEMO OPINION

PER CURIAM.

This is an original proceeding in which petitioner, an inmate of Montana State Prison appearing pro se, seeks a writ of habeas corpus ordering the warden of the prison to bring petitioner before a court of competent jurisdiction to determine the merits of his complaint.

Petitioner's complaint contains two contentions. First, he contends that he was incompetent at the time of his arraignment because he was under the influence of drugs and therefore could not knowledgeably waive his right to counsel and

that the court did not inform him that counsel would be provided for him if he could not afford one. Second, he claims that at the time he plead guilty to the crime of auto theft he was under the influence of drugs and thus was not competent to make his plea. From the foregoing he claims his constitutional rights were denied him and therefore he should have a new trial or be released from custody.

This. Court has stated many times that there must be a showing of good cause before it will issue a writ of habeas corpus. Here petitioner has claimed that his rights were violated. However, the court records show the contrary.

From the record it appears that petitioner was arrested in Glendive, Montana, on June 1, 1969 and charged with the crime of grand larceny. On June 2, 1969 he was arraigned before District Judge L. C. Gulbrandson at which time the judge informed him of his right to an attorney and that the court would furnish him an attorney if he could not afford one. Petitioner stated that he did not desire counsel and the court appears to have been fully satisfied that he understood his rights. Sentencing was set for June 3, 1969 on which date the court again asked petitioner if he desired counsel to which he replied that he did not.

Thus there was a period of time, from June 1, 1969 when he was arrested until June 3, 1969 when he was sentenced, that petitioner had to recover from the influence of any drugs he may have taken and raise his objections at that time. However nothing appears in the record to show that petitioner was in any way incapacitated, nor does it show that he objected at any time. Rather it appears that petitioner understood his rights as explained by the court and that he knowingly and intelligently waived such rights.

The petition being without merit the writ sought is denied and the proceeding is dismissed.